ARTHUR D. LAFRANCE *v.* ALFRED D. MOQUIN.

APRIL 4, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J.   In an action of assumpsit to recover for medical and surgical services plaintiff is here on exceptions (1) to refusal of the trial court to admit a certain ledger sheet and (2) to the granting of a nonsuit.

The first exception is without merit.   All the charges contained on the sheet had been testified to orally without objection.   The court ruled out the sheet as an exhibit because of an erasure and because it had "a memo on there that I do not think is proper."   Nothing before us shows what the memo. was.   Without knowledge of it we can not review the action of the trial court.   Moreover, the exclusion was not injurious to plaintiff because all charges on the sheet were in evidence.

The facts were that plaintiff sued for services rendered to defendant himself in 1917, amounting to $18.50, and services to his wife between February 1 and March 4, 1921, amounting to $99.   The latter were rendered while his wife was living apart from defendant under a court decree the terms of which are not in evidence.   Prior to rendering these services the husband had no knowledge that they were to be rendered.   The wife assured the doctor that the husband

would pay for them. After the bill was put into the hands of a collection agency and the demand for payment was made in 1923, the defendant punched plaintiff's face. Following this incident plaintiff garnished defendant's wages and a telephone conversation took place between them in which plaintiff testifies that defendant said he had no money to pay his board and agreed to pay two dollars each week on the "whole bill" if plaintiff would release the garnishment. Plaintiff told defendant he did not know whether this would be satisfactory to the agency but he would order the attachment released and he did so. Plaintiff testified that he received two dollars from the agency on July 1, 1923. No one from the agency testified and no evidence was offered that the attachment was released.

This suit was brought February 18, 1927, and defendant pleaded the statute of limitations to which plaintiff replied that acknowledgment and a new promise had removed the bar. The trial court held that the new promise was conditional, that there was no evidence that the condition had been fulfilled and that the evidence would not warrant the jury in finding that defendant had acknowledged the indebtedness under circumstances from which a promise could be inferred to pay the bill sued for.

Services to the wife charged at $8.50 were rendered within six years of the bringing of the suit but the court did not consider these perhaps because counsel urged that there was no evidence that the wife was authorized to pledge her husband's credit.

In granting the nonsuit, the question of liability was considered wholly in connection with avoidance of the statute of limitations. Its bar may be removed either by (1) an acknowledgment of the debt under circumstances from which a promise to pay may be implied or (2) an unconditional promise to pay the debt or (3) a conditional promise to pay and evidence that the condition has been performed. *Mitchell's Claim*, L. R. 6 Ch. 822; 17 R. C. L. p. 887, §§ 247-248; 37 C. J. 1096; *Custy* v. *Donlan*, 159

Mass. 245; *Willoughby* v. *Irish*, 35 Minn. 63. In the case before us there is no evidence of any unconditional promise to pay and the conditional promise was based upon plaintiff's taking off the attachment upon defendant's wages. There was no positive testimony that the attachment was vacated. The receipt of the two dollars by the plaintiff from the agency after giving instructions to release the attachment furnishes a very unsatisfactory basis for inference that the attachment was released.

An unqualified acknowledgment of an existing debt is conclusive as an avoidance of the statute. *Custy* v. *Donlan*, *supra*. Here, the asserted telephone acknowledgment was not so clearly unqualified as to constitute an admission of an existing debt from which an inference of a promise to pay must be implied in view of all the circumstances. In *Hidden* v. *Cozzens*, 2 R. I. 401, the court said: "Where the creditor does not rely upon an express promise but upon a promise to be raised by implication of law from the acknowledgment of the party debtor, we think such acknowledgment ought to contain an unqualified and direct admission of a previous subsisting debt, which he is liable and willing to pay." Plaintiff's testimony that both portions of his claim formerly had been repudiated by defendant: the portion for services to defendant, on the ground that it was a Workmen's Compensation case, and that for services to his wife, on the ground that he was not liable therefor, and that a physical encounter had followed the action of plaintiff in placing the claim with a collection agency, do not point toward an unqualified acknowledgment and a conditional acknowledgment will not avoid the statute unless the condition has been performed. *Sweet* v. *Franklin*, 7 R. I. 355. Plaintiff's evidence that defendant, in order to get the attachment released acknowledged liability to pay the whole bill sued for, raised a question of fact whether under the circumstances there was such an unqualified acknowledgment that a promise to pay the whole debt fairly could be implied. *Shaw* v. *Newell*, 2 R. I. 264; (four notes, one

outlawed); *Custy* v. *Donlan, supra; Mumford* v. *Freeman,* 8 Metc. 432.

In Rhode Island we have been liberal in submitting to the jury whether a new promise was made under circumstances to warrant the implication of a promise to pay a definite debt. In *Wilcox* v. *Clarke,* 18 R. I. 324, a general promise to pay something on account in a few days if plaintiff would wait was held sufficient to take the case to the jury. The court said the promise need not specifically refer to the debt sued for; that *prima facie* it did so and if such was not the fact defendant could present evidence. The same rule may be applied to an alleged acknowledgment. Part payment by defendant in this case was not testified to but if it could be inferred, it like acknowledgment could avoid the statute only if made under circumstances indicating the debtor's recognition of an existing obligation from which the law would imply a new promise to pay. *Campbell* v. *Collingwood,* 15 R. I. 472; 17 R. C. L. p. 923, § 286.

While plaintiff's own testimony was by no means convincing, in view of our liberal tendencies we think there was sufficient evidence to go to the jury and that the granting of the nonsuit was error.

The exceptions of the plaintiff are sustained and the case is remitted to the Superior Court for a new trial.

*Harlow & Boudreau,* for plaintiff.

*Isadore S. Horenstein,* for defendant.